MARSHALL W. KENNARD AND LEVI J. KENNARD,
PLAINTIFFS IN ERROR, v. DANIEL C. DIBBLE, DE-
FENDANT IN ERROR.

The Evidence, *Held*, To sustain the finding and judgment of the
district court.

ERROR to the district court for Dakota county.   Tried
below before CRAWFORD, J.

*Joy, Wright & Hudson*, for plaintiffs in error.

*L. W. Osborn* and *John T. Spencer*, for defendant in
error.

REESE, CH. J.

The real estate involved in this action is the north-east
quarter of section five, in township number twenty-seven
north, of range eight east of the 6th principal meridian.
Defendant in error claims title by warranty deed from
Thomas L. Griffey, dated April 2, 1884, and for the con-
sideration, expressed in the deed, of $3,351.60.   With these
exceptions the case is similar to *Kennard v. Griffey, ante* p.
174.   It is submitted upon the same briefs, and was argued
in connection with that case.   The finding and judgment
of the district court were in favor of Dibble, defendant in
error, generally; and plaintiffs in error, who were plaintiffs
below, allege error in this court.

The record is quite voluminous and not indexed, and we
have found it difficult to classify the evidence and analyze
those parts which bear upon the controlling features of the
case.   So far as we are able to discover, there is no evi-
dence which materially differs from that of the previous
case, excepting the conveyance from Griffey to defendant
in error.   So far as is shown by the record, the cases were

tried separately, and in the case now under consideration the district court must have found that Griffey was an innocent purchaser from Parmelee, and therefore received, and would convey a good title, notwithstanding the deed from Parmelee to Kennard was on record at the time of the conveyance to defendant in error. As stated in the prior case, we think there is sufficient evidence to sustain this finding, for Griffey testified positively that he had no knowledge whatever of the agreement between Parmelee and Kennard, either before or at the time of his purchase from Parmelee.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.